uberry

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HELENE TORRES and EVELYN O'KEEFE,)<br>in their capacities as CO-)<br>ADMINISTRATRIXES of the ESTATE OF)<br>JOSE MARTINEZ TORRES, and the)<br>ESTATE OF JOSE MARTINEZ TORRES, )<br>)<br>Defendants. )<br>_____) | CIVIL CASE NO. CV1124-09<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 17th day of February, 2012, for hearing on the Defendants' Motion to Dismiss the Third Amended Complaint, filed September 20, 2010. Assistant Attorney General William C. Bischoff represented the Government, and Attorneys Joseph C. Razzano and F. Randall Cunliffe represented the Defendants.

## DISCUSSION

The Defendants move this Court to dismiss the Government's claims pursuant to GRCP Rule 12 (b)(6). Under Rule 12 (b)(6), the facts in the complaint are presumed to be true, and the

complaint is liberally construed in favor of the plaintiff. Papasan v. Allain, 478 U.S. 265, 283–86 (1986); Taitano v. Calvo Finance Corp., 2008 Guam 12, ¶ 9; First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9; and Abramson v. Brownstein, 897 F.2d 389 (9th Cir. 1990). A Rule 12 (b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). Thus, on a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint and the court should not dismiss the complaint merely because the court doubts the plaintiff will prevail in the action, or that the possibility of ultimate recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); and Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the Court should not search for causes of action, if the factual allegations of the complaint contain sufficient information to support a cause of action, the Court cannot dismiss the complaint. Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶¶ 11 and 16.

Rule 8(a) of the Guam Rules of Civil Procedure first requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." GRCP Rule 8(a)(2) (2012). Interpreting this rule, the Supreme Court of Guam has held, "Guam only requires notice pleading, not fact pleading." Guam Election Comm'n v. Responsible Choices for All Adults Coalition, 2007 Guam 20 ¶ 94 (citing GRCP Rule 8(a)). In addition, Rule 8(f) requires that "all pleadings shall be so construed as to do substantial justice," GRCP Rule 8(f)(2012), and 7 GCA § 15701 echoes this view, stating, "[i]n the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." 7 GCA § 15701 (2012). Under this convention, the court cannot

merely rely on the short title of the stated allegation, but must determine whether the allegations of a complaint sufficiently allege a cause of action, when read as a whole, and not in isolation. Lujan v. Girardi/Keese, Civil Case No. 09-00017, 2009 WL 2567302, *7 (D. Ct. Guam, August 18, 2009).

Although Guam is a notice pleading jurisdiction, and not a fact pleading jurisdiction, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pursuant to these holdings, even in a notice pleading jurisdiction, a complaint must contain factual allegations, which are sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Moreover, these factual allegations must set forth "enough facts to state a claim to relief that is plausible on its face." Id., at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S., at 678.

Rule 8(a) of the Guam Rules of Civil Procedure requires that a party's complaint must contain two elements: "a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader seeks." GRCP Rule 8 (a)(2) and (3)(2012).

Pursuant to 7 GCA § 1114, "[a] civil action is prosecuted by one party against another for the enforcement or protection of a right, or the redress or prevention of a wrong . . . ." 7 GCA § 1114 (2012). "A civil action arises out of either an obligation or an injury." 7 GCA § 1108 (2012). "An obligation is a legal duty by which one person is bound to do a certain thing

and arises from contract or by operation of law." 7 GCA § 1109 (2012). "An injury is either an injury to the person or the property." 7 GCA § 1110(a) (2012).

As previously noted by this Court, the Government's listed "causes of action" do not state a cause of action at all. Instead, they are still labeled, "First Cause of Action, For Reformation of Deed" and "Second Cause of Action Request for Declaratory Judgment; And for Title to be Quieted and for Imposition of a Constructive Trust." Gov.'s Third Am. Compl., p. 2, ¶ 6; and p. 8, ¶ 22, filed August 30, 2010.

### A) Standing

Standing is a component of subject matter jurisdiction. Taitano v. Lujan, 2005 Guam 26 ¶ 15 (citing Guam Imaging Consultants, Inc. v. Guam Memorial Hospital Auth., 2004 Guam 15 ¶ 17 ("Standing is a threshold jurisdictional matter.")). As further held in Taitano v. Lujan, "[i]f a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." Id. Because standing is a necessary and inextricable component of subject matter jurisdiction, a challenge to a party's standing is a challenge to the court's subject matter jurisdiction. The question of subject matter jurisdiction encompasses the issue of the existence of a cause of action against a particular defendant. A party invoking a court's jurisdiction must, at an irreducible minimum, show that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982). Although the motion is styled as a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Defendants first raise questions of law concerning the Plaintiff's

standing to maintain the suit against them, rather than against their former attorneys, as they claim that they have not engaged in any putatively illegal conduct causing harm to the Plaintiff.

Rule 12(b)(6) does not address challenges to jurisdiction; it addresses only a plaintiff's failure to properly frame and raise claims, whereas Rule 12(b)(1) specifically addresses the issue of lack of subject matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 510–13(2006)(Rule 12(b)(1) concerns subject matter jurisdiction, while Rule 12(b)(6) concerns the failure to state a claim upon which relief can be granted, and dismissal for lack of subject matter jurisdiction is distinct from dismissal for failure to state a claim); and Baker v. Carr, 369 U.S. 186, 199–201 (1962)(a motion to dismiss for failure to state a claim requires a judgment on the merits of the claims, while a challenge to subject matter jurisdiction requires only a facial review, and no consideration of the merits is necessary).

The United States Supreme Court has chastised itself and other courts for failing to distinguish between dismissals pursuant to Rule 12(b)(1) and Rule 12(b)(6), stating; "[o]n the subject matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this court and others have been less than meticulous." Arbaugh, 546 U.S., at 511. The court further characterized dispositions that fail to consider this difference as "unrefined" and "drive-by jurisdictional rulings." Id. (quoting Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 91 (1998). Thus, this Court will distinguish between these subsections, and where a party raises the issues of standing and a plaintiff's ability to maintain the suit against a particular party to the action, will not apply Rule 12(b)(6). Rather, Rule 12(b)(1) is the proper authority under which to request dismissal on the issue of whether a suit is properly maintained against a defendant. GRCP Rule 12(b)(1); Quitugua v. Flores, 2004 Guam 19 ¶ 31, n. 12; see also McLain v. Real

Estate Bd. of New Orleans, Inc., 444 U.S. 232, 241 (1980); and Colorado Environmental Coalition v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004).

The Court must address a challenge made under Rule 12(b)(1), questioning standing before any other challenges, since the Court must find jurisdiction before determining the validity of a claim. *See* Bell v. Hood, 327 U.S. 678, 682 (1946); and Jones v. Georgia, 725 F.2d 622, 623 (11th Cir. 1984). Although the Defendants have framed all of their arguments under Rule 12(b)(6), in the interests of judicial economy, the Court will treat the Defendants' arguments regarding the appropriateness of this suit against them as if those arguments had been properly asserted under Rule 12(b)(1). *See* Hekkila v. Sphere Drake Ins. Underwriting Management, Ltd., Civil No. 96-00047, 1997 WL 995625, *2 (D. Ct. Guam. August 29, 1997) (generalized motion to dismiss under Rule 12(b) treated as a motion made under subsection (1) where motion to dismiss raised issues of standing and subject matter jurisdiction); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)(a motion raising issues of subject matter jurisdiction is property treated under Rule 12(b)(1), even if it is improperly labeled by the moving party as a Rule 12(b)(6) motion); and Crawford v. U.S., 796 F.2d 924, 928 (7th Cir. 1986)(courts should consider improperly identified Rule 12(b) motions under Rule 12(b)(1) if they raise issues concerning subject matter jurisdiction).

1) Plaintiff Seeks an Equitable Remedy, Not Liability for Damages

Defendants repeatedly argue that they cannot be held "liable" for the acts of their attorneys in crafting the conditional deed which allowed the Defendants to obtain the parcels of real property at issue, and therefore, they are not proper parties to this action, and the action may not be pursued against them. The Court first notes that the Plaintiff's Third Amended

Complaint seeks relief in the form of "reformation," "declaratory relief," "quiet title," and imposition of a "constructive trust." These remedies are almost uniformly equitable in nature.

"Reformation" is an equitable remedy that is available when parties have reached an agreement but, through mutual mistake or unilateral mistake accompanied by fraud, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement. In re Liljeberg Enterprises, Inc., 304 F.3d 410, 442 (5th Cir. 2002); Mark Andy, Inc. v. Hartford Fire Ins. Co., 229 F.3d 710, 716 (8th Cir. 2000); Bosse v. Crowell Collier and Macmillan, 565 F.2d 602, 609–10 (9th Cir. 1977); Mutual of Omaha Ins. Co. v. Russell, 402 F.2d 339, 344 (10th Cir. 1968); see also BLACK'S LAW DICTIONARY, 6th ed., 1281 (Reformation is the "[e]quitable remedy used to reframe written contracts to reflect accurately [the] real agreement between contracting parties, when, either through mutual or unilateral mistake coupled with actual or equitable fraud by the other party, the writing does not embody the contract as actually made.").

Similarly, "declaratory relief" is an equitable remedy in the form of "[a] unilateral request to a court to determine the legal status or ownership of a thing. [Cases: Declaratory Judgment 385.] BLACK'S LAW DICTIONARY, declaratory relief (9th ed., 2009). And a constructive trust is:

> An equitable remedy that a court imposes against one who has obtained property by wrongdoing. • A constructive trust, imposed to prevent unjust enrichment, creates no fiduciary relationship. Despite its name, it is not a trust at all. — Also termed implied trust; involuntary trust; trust de son tort; trust ex delicto; trust ex maleficio; remedial trust; trust in invitum. See trustee de son tort under trustee. Cf. resulting trust. [Cases: Trusts 91–111.] "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Beatty v. Guggenheim Exploration Co., 122 N.E. 378, 380 (N.Y. 1919) (Cardozo, J.).

BLACK'S LAW DICTIONARY, constructive trust (9th ed., 2009).

In contrast, civil liability is "1. Liability imposed under the civil, as opposed to the criminal, law. 2. *The state of being legally obligated for civil damages.*" BLACK'S LAW DICTIONARY, civil liability (9th ed. 2009) (emphasis added).

In this case, no damages are sought from the Defendants, and the Plaintiff seeks only equitable remedies in its Third Amended Complaint. Thus, the Court deals not with "liability," but rather, equity, and Defendants' arguments concerning "liability" are not entirely relevant or applicable.

## 2) Defendants are Proper Parties Through their Ratification of the Conditional Deed

However, even if the Court were dealing with a complaint which requested that the Defendants be found liable for the alleged bad acts of their attorneys, "[t]he general rule regarding a principal's liability to third persons for the acts of his agent, as regards contractual (non-tort) liability, rests upon the determination of whether the acts of the agent were committed in the principal's behalf and within the actual or apparent scope of the agent's authority." Northern Assur. Co. of America v. Summers, 17 F.3d 956, 960 (7th Cir.1994)(quoting Clark v. Milliken Mortg. Co., 495 N.E.2d 544, 547 (Ind.App.1986). Guam has codified this two-part rule regarding contractual liability as 18 GCA § 20308, which provides; "[a]n instrument within the scope of his authority by which the agent intends to bind the principal, does bind him if such intent is plainly inferable from the instrument itself."

Under the Guam Statute of Frauds, "estate in real property . . . can be transferred only by operation of law, or by an instrument in writing subscribed by the party disposing of the same, or by his agent thereunto authorized by writing." 21 GCA § 4101; Zahnen v. Limtiaco, 2008

Guam 3 ¶ 25. Every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law from the time it is filed with the Director of Land Management is constructive notice of the contents thereof to subsequent purchasers and mortgagees. 21 GCA § 37101; and Taitano v. Lujan, 2005 Guam 26 ¶ 31. It is not necessary to the validity of a deed or contract, under the Statute of Frauds, that the writing disclose the principal. Ford v. Williams, 62 U.S. 287, 288 (1858). However, the deed in this case was drafted in writing, in the name of the Defendants, by their attorneys, thus meeting the requirements of 21 GCA § 4101.

At the outset, the Court notes that it seems settled that the Estate's attorneys were the agents of the Plaintiff. Normally, the question of "[w]hether a person is the agent of another is a question of fact." Leong v. Deng, 2002 Guam 2, ¶ 10. Nevertheless, if the facts concerning the agency relationship "are undisputed the issues can be resolved as questions of law." Brunswick Leasing Corp. v. Wisconsin Cent., Ltd., 136 F.3d 521, 526 (7th Cir.1998); see also Frank Sullivan Co. v. Midwest Sheet Metal Works, 335 F.2d 33, 40 (8th Cir.1964). The Guam Rules of Professional Rules of Conduct specifically explain the scope of representation and allocation of authority between a client and his lawyer. "A lawyer shall abide by a client's decisions concerning the objectives of representation and . . . shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." Rule 1.2 § (a) (adopted February 11, 2004 effective September 29, 2003 through Sup. Ct. Of Guam PO No. 04-002).

No one seems to dispute that the Estate's attorneys were acting as the attorneys and agents of the Defendants in drafting the conditional deed which the Plaintiff seeks to have revised. However, the Defendants claim that this action cannot be maintained against them, as principals, because they, personally, did not commit any of the alleged bad acts which are the

subject of this action, their attorneys allegedly committed any bad acts involved in drafting the conditional deed.

In order for a principal to be bound by the acts of his agent, a third party must show that the agent had actual authority, ostensible authority, or that the principal later ratified the act. Id.; Northern Development Corp. v. Golden Intern. Corp., Civil Case No. CV93-00070A; 1994 WL 550300 at *2 (D. Guam App.Div.1994).

Principals are bound by the unauthorized actions of their agents if they later approve or ratify the agents' actions after learning of them. "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof." 18 GCA § 20207. The language of the statute clarifies that a principal may ratify an unauthorized act of his agent by accepting the benefits of the act after the principal has full knowledge of the act. Under California law, "Ratification requires that the principal, knowing the facts, accepts the benefits of the agent's actions." Mallott & Peterson v. Director, Office of Workers' Compensation Programs, Dept. of Labor, 98 F.3d 1170, 1174 (9th Cir. 1996) (citing Alvarado Community Hosp. v. Superior Court, 173 Cal.App.3d 476, 219 Cal.Rptr. 52, 54-55 (1985)). Under Guam law regarding written agreements, 18 GCA § 85325 is entitled, "Assumption of Obligation by Acceptance of Benefits," and states: "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." 18 GCA § 85325 (2012). Guam's revision statute, 20 GCA § 3230 was adopted from, and is identical to California Civil Code § 3399. When a Guam statute is based on an identical California statute, California cases interpreting that statute are highly persuasive, and the Court must follow

California precedent unless there is a compelling reason to deviate from the California law. Cruz v. Cruz, 2005 Guam 3 ¶ 9; and Fajardo v. Liberty House Guam, 2000 Guam 4 ¶ 17.

In a California case interpreting a party's standing to maintain suit against an innocent principal on the basis of the alleged bad acts committed by the agent of the principal, the court found that the principal must be held liable for the transaction, and therefore, suit was properly brought against the principal, regardless of her actual knowledge:

> A principal who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud. The principal is liable although he is entirely innocent, although he has received no benefit from the transaction, and although the agent acts solely for his own purposes. Liability is based upon the fact that the agent's position facilitates the consummation of the fraud, in that, from the point of view of the third persons, the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business confided to him (Rest. of the Law of Agency, §§ 261, 262; Rutherford v. Rideout Bank, 11 Cal.2d 479, 483–484, 80 P.2d 978, 117 A.L.R. 383; California Motor Express, Ltd. v. Chowchilla Union High School Dist., 202 Cal.App.2d 314–315, 20 Cal.Rptr. 768). The law reasons that where one of two innocent parties must suffer, the loss should be accepted by the principal who is responsible for the selection of the agent and for the definition of his authority (Warshauer v. Bauer Construction Co., 179 Cal.App.2d 44, 49–50, 3 Cal.Rptr. 570).

Reusche v. California Pacific Title Ins. Co., 231 Cal.App.2d 731, 736–37, 42 Cal.Rptr. 262, 266 (Cal.App. 1965).

The court found that the principal cannot disaffirm a fraudulent act, but still maintain its validity and retain its benefits:

> Ratification is the subsequent adoption by one claiming the benefits of an act, which without authority, another has voluntarily done while ostensibly acting as the agent of him who affirms the act and who had the power to confer authority (Civ.Code, §§ 2310, 2312). A principal cannot split an agency transaction and accept the benefits thereof without the burdens (Price v. McConnell, 184 Cal.App.2d 660, 7 Cal.Rptr. 695).

Id., at 737.

"A principal ratifies an agent's acts when he knows of the acts, and accepts the benefits which flow from them." Id. (citing Rakestraw v. Rodrigues, 8 Cal.3d 67, 104 Cal.Rptr. 57, 500 P.2d 1401; Common Wealth Insurance Systems, Inc. v. Kersten, 40 Cal.App.3d 1014, 1026, 115 Cal.Rptr. 653; Kuchta v. Allied Builders Corp., 21 Cal.App.3d 541, 98 Cal.Rptr. 588)).

The court further found that the principal's subsequent retention of the fruits of the agent's bad act constituted a ratification of the transaction:

> [R]espondent received a check from Husack in the amount of $3,345 upon his representation that this money was for the sale of the Montezuma Street property. Thereafter, she learned that these were part of the funds obtained on the forged note and to this date she has made no offer to return this sum, but retains it with full knowledge of its source and character. . .Respondent argues that no agency by ratification (Civ.Code, § 2307) was created here since she did not know the true source of the wrongfully obtained funds when she accepted them. . . . In the instant case, after the telephone calls from Pels and the title company, respondent did not know all of the details of the loan transaction. However, when the bank showed her the check from the title company before crediting the amount to Husack's account, she had full knowledge of the check and the forgery of her endorsement. We think that her failure at this point to make reasonable inquiries of the title company and lender practically insured the completion of the fraudulent transaction, that she should have realized the apparent risk of the agent's additional wrongdoing, and that her inaction and her conduct thereafter in accepting the benefits constituted ratification under the foregoing rules.

Id., at 737; 267.

In Bleyer v. Veeder, 183 A. 203 (N.J. 1936), a case nearly identical to the case before the Court, a mortgagor was held entitled to reformation of the provisions of the mortgage which were different than the provisions of the original sale contract and were inserted without authority by the mortgagee's attorney who prepared the mortgage, because the mortgagee's agent had represented to the mortgagor that mortgage was drawn in accordance with sale contract, and the substantive difference in provisions resulted from either a mistake or a fraud committed by the mortgagee's agent.

In ordering reformation of the contract for the mortgagor, the court found:

> Mr. Guttentag was the agent of the mortgagee at the settlement under the contract of sale, as was also Mr. Rawak, who prepared the mortgage, and it is entirely settled that, if a principal seeks to enforce a contract made by his agent, he is as much bound by any material representation made by the agent as if made by himself. An innocent principal cannot assert any rights, or retain any benefit, upon a contract which is procured by fraud of his agent. A principal claiming the benefit of his agent's unauthorized act thereby ratifies that act and is bound by it. To say the least, it was Mr. Rawak's duty to disclose to Judge Veeder the changes which he made in the mortgage before it was presented for execution. The mortgagee and the complainant assignee are bound by Mr. Rawak's failure to do so. It is clear that these challenged provisions of the mortgage were a result of either mutual mistake of both parties to the agreement or fraud on the part of the mortgagee. In either event, the defendant counterclaimant is entitled to relief, and the mortgage will be reformed accordingly.

Id., at 209 (internal citations omitted).

This concept holds true for reformation in California, even when the principal is entirely innocent of any fraud or mistake which was committed by the agent:

> . . .the evidence is undisputed that Mrs. Hooper owned the property, that she orally authorized and directed W. H. Hooper to sell it, that she ratified the sale, executed the deed to plaintiffs, accepted the purchase price from them, and retained the fruits of the sale. Under these circumstances the trial court's finding that Mrs. Hooper had no knowledge of misrepresentations and did not authorize them is insufficient to sustain the judgment in her favor. Upon both principle and authority an agent's knowledge is imputed to his principal (section 2332, Civ.Code; 1 Cal.Jur. 847), and the principal is charged with the fraud of his agent committed in the course of his employment and in the interest of the principal (12 Cal.Jur. 775; Powell v. Oak Ridge Co., 84 Cal.App. 714, 719, 258 P. 636). This rule is uniformly applied when the principal is shown to have accepted and retained the benefits of the agent's fraudulent act.

Benner v. Hooper, 112 Cal.App. 53, 63–64, 296 P. 660, 664 (Cal.App. 1 Dist. 1931).

In this case, the Court cannot determine when the first opportunity for The Defendants to ratify the conditional deed by accepting its benefits, having full knowledge of it, would have been. However, after execution of the conditional deed, the Defendants began attempts to obtain the real property conveyed under the deed, and in fact, sold one of the parcels, Lot AL-

002, pursuant to the deed. Gov.'s Second Am. Compl., pp. 6–7, ¶ 22, filed February 16, 2010. The Defendants have never returned the proceeds from this sale, nor offered to do so. The Defendants have accepted and retained these proceeds as benefits from the sale of the property obtained under the deed. Further, the Defendants have continued their efforts to obtain ownership of the remaining properties under the deed, have consistently defended the validity of the deed, even as part of the instant lawsuit, and have never repudiated it. *See* Williams v. National Housing Exchange, Inc., 949 F.Supp 646, 650–651 (N.D.Ill.1996); and Rayonier, Inc. v. Polson, 400 F.2d 909, 916–917 (9th Cir. 1968). The Defendants have never disavowed the validity of the conditional deed and instead, have expressly attempted to acquire the properties listed in the deed through the deed, and have defended their rights to the properties under the conditional deed in this case, as drafted by their agents.

Accordingly, the Defendants are proper parties to this case. They are the holders and beneficiaries of the conditional deed, and have specifically and intentionally ratified the conditional deed obtained by their attorneys by retaining the benefits of the deed, with full knowledge of its existence. Defendants are still in possession of Lots AL-002-1 and AL-002-2, and by continuing to defend their rights under the deed, in order to obtain full ownership to the properties conveyed by the deed, the Plaintiff has correctly lodged this action against them to reform the deed or obtain other equitable relief regarding the deed.

B) **Sufficiency of Allegations Under Rule 12(b)(6)**

1) First Cause of Action, Remedy of Reformation

Guam has statutorily recognized the equitable remedy of reformation, but has labeled the relief under the term "revision." Section 3230 of Title 20, regarding remedies, states:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

20 GCA § 3230 (2012).

Deeds and other conveyances of real property are subject to reformation/revision under this statute. Western Title Guaranty Co., Sacramento County Division v. Sacramento and San Joaquin Drainage Dist., 235 Cal.App.2d 815 (Cal. App. 3 Dist. 1965); Van Loan v. Glaze, 106 P. 250 (Cal. Ct. App. 1909); Walters v. Mitchell, 92 P. 315 (Cal. Ct. App. 1907). And thus, where a party seeks reformation of a deed of conveyance for real property, that party must meet the requirements of this statute, and plead one or all of the reasons for reformation listed in the statute within the party's complaint. Ids.; Philips Medical Capital, LLC v. Medical Insights Diagnostics Center, Inc., 471 F.Supp.2d 1035 (N.Dist.Cal.2007); accord Girard v. Miller, 214 Cal.App.2d 266 (Cal. App. 2 Dist. 1963)(In suit requesting reformation of contract for mutual mistake, in absence of clear recitation of facts showing how, when and why mistake occurred, pleading is inadequate). Accordingly, in order for the Government to obtain revision of the disputed deed, the Government must allege the requisite facts set forth under 20 GCA § 3230.

Though sometimes mistakenly referred to as a "cause of action," the California courts have clarified that reformation or revision is merely one of several remedies available as relief for an alleged wrong, and does not constitute its own cause of action or claim. Landis v. Superior Court, 232 Cal.App.2d 548, 555 (Cal. App. 2 Dist. 1965). Reformation is only a remedy to correct a mistake in a written instrument on the basis of some alleged wrong or mistake. Western Title Guaranty Co., Sacramento County Division v. Sacramento and San Joaquin Drainage Dist., 235 Cal.App.2d 815, 823 (Cal. App. 3 Dist. 1965).

On the face of the complaint, the Government has alleged the relief it seeks—reformation of a deed—in satisfaction of one of the requirements of GRCP Rule 8(a), but in order to properly maintain a cause of action, the Government must also allege that there has been a violation of a right, misconduct or wrongdoing causing injury, or the violation of a legal obligation, specifically: (1) that there was a mutual mistake; (2) fraud; or (3) unilateral mistake coupled with knowledge and fraud by the other party; justifying the revision of the disputed deed. GRCP Rule 8(a) (2012); 7 GCA §§ 1114, and 1108–10 (2012); and 20 GCA § 3230 (2012).

### a) Averments of Mutual Mistake

The Court finds no allegations of a mutual mistake in the Plaintiff's Third Amended Complaint.

In this case, because the Government has made no allegations of mutual mistake, the Government is required to alleged either a fraud, or a unilateral mistake which is accompanied by fraudulent conduct (i.e., grounded in fraud); either of these claims require factual allegations sufficient to satisfy the requirements of Rule 9 in order to survive dismissal under Rule 12(b)(6).

### b) Averments of Fraud

Rule 9(b) of the Guam Rules of Civil Procedure reads: "Pleadings in Special Matters," "Fraud Mistake, Condition of the Mind. In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."

Under Guam law, the elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." Transpacific Export Co. v. Oka Towers Corp., 2000 Guam 3 ¶ 23.

Guam case law requires that averments of fraud must be accompanied by "the who, what, when where, and how" of the charged misconduct. Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶¶ 13–14; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997). "A plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994). It is not enough to simply state that a fraud occurred, or that a fraud is suspected, but a plaintiff must provide the particular facts concerning the elements of the fraud.

Where a written instrument is intended to carry into execution an oral agreement, but fails to express the manifest intention of parties on account of fraud or mistake of an attorney, agent, or draftsman in drafting the instrument, equity will correct the mistake to make the instrument express real intention of parties, through reformation. McKeever v. Washington Heights Realty Corp., 37 A.2d 305, 309 (Md. 1944).

In the instant case, the Government has finally alleged enough factual detail to indicate that a fraud occurred and was committed by the attorneys of the Defendants. The Plaintiff has affirmatively alleged that the variation between its oral decision and the conditional deed was inserted by the Estate's lawyers "unbeknownst to the Commission," as the Commission "relied upon the Estate's lawyers, as officers of the court, to draft a deed that would accurately and faithfully reflect the decision it orally rendered." Gov.'s Third Am. Compl., p. 4, ¶¶ 13, 16, filed August 30, 2010. The Plaintiff further alleges that the attorney agents of the Defendants "conveyed to the Commission the false impression that a manner by which they could abide by

[the oral decision] would be for them to go before the probate court . . . ." Gov.'s Third Am. Compl., p. 5, ¶ 18, filed August 30, 2010. "The Estate knew or should have known that by leaving out, or obscuring this condition, especially by adding 'probate' to it, the deed failed to express the true intent of the Commission; and the Estate knowingly failed to call this to the Commission's attention, . . ." Gov.'s Third Am. Compl., p. 7, ¶ 21, filed August 30, 2010.

These contentions allege fraud with sufficient particularity. *See* Taitano, 2008 Guam 12 ¶ 14 ("Under the right conditions, a short plain statement can satisfy the requirement that fraud be plead with particularity.") Accordingly, the Court finds that the Government has properly alleged a cause of action for fraud, as required under 20 GCA § 3230.

### c) Averments of Unilateral Mistake Accompanied by Fraudulent Conduct

Most significant to this Court's analysis of whether the complaint properly alleges the unilateral mistake contemplated by 20 GCA § 3230, is the Government's allegation that "the Commission did not have a lawyer of its own review the deed that was drafted by the Estate's lawyers." Gov.'s Third Am. Compl., p. 4, ¶ 14, filed August 30, 2010. The Court also notes the Government's failure to allege that the Commission ever reviewed the deed at all, to show that it was not negligent in failing to note any material differences between its oral decision and the written deed.

The failure to read or review a contract will ordinarily prevent a reformation of an instrument on ground of unilateral mistake under Cal. Civ. Code § 3399 and 20 GCA § 3230, unless the party's failure to review the agreement was excusable, because the failure was induced by false representations (i.e. fraud) of the other party, where no fiduciary relationship between the parties existed. Johnson v. Sun Realty Co., 32 P.2d 393, 395 (Cal. App. 1 Dist. 1934); *accord* Tomas v. Vaughn, 146 P.2d 499 (Cal. App. 2 Dist. 1944); Hanlon v. Western

Loan & Bldg. Co., 116 P.2d 465 (Cal. App. 1 Dist. 1941); and <u>Gardner v. California Guarantee Inv. Co.</u>, 69 P. 844 (Cal. 1902).

In cases where fraud is an element of a claim, although not the primary cause of action, the claim is said to be "grounded in fraud" or "based in fraud." When a claim is grounded in fraud, the pleading of the claim must still satisfy the particularity requirement of Rule 9(b). *See* <u>Anderson v. Clow (In re Stac. Elecs. Sec. Litig.)</u>, 89 F.3d 1399, 1404–5 (9th Cir. 1996); and <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1223 (1st Cir. 1996).

Thus, a plaintiff requesting to have a deed reformed on the basis of unilateral mistake due to a failure to review the instrument, must not only aver that there was a mistake in the deed, but that the mistake expressed in the instrument was "fraudulently suppressed" by the defendant, and the complaint must affirmatively set forth the facts and circumstances of fraud practiced by the defendant to effect such suppression. <u>Kent v. Snyder</u>, 30 Cal. 666 (Cal. 1866).

In <u>Denkmann Lumber Co. v. Morgan</u>, 69 So.2d 802 (Miss. 1954), a case similar to that presented, the court found that reformation would be granted on the basis of unilateral mistake accompanied by fraud, where a purchaser, under contract to sell realty, did not know anything about negotiations carried on between the vendor's agent and the attorney for the purchaser's grantee concerning a mineral reservation which the attorney inserted in the vendor's deed, because the purchaser had the right to assume that deed had been drawn according to contract, which did not provide for such a reservation, and the purchaser was not under any positive duty to examine deed for the purpose of ascertaining whether it had been drawn in conformity with contract.

The court stated in relevant reasoning:

In the case that we have here, no actual fraud was proved, but we think there was such inequitable conduct on the part of the Denkmann Lumber Company, first, in attempting to cancel the contract under the circumstances testified to by M. L. White, and, second, in inserting in the deed that was finally executed a mineral reservation which Morgan had not agreed to accept, that a case was made out which entitled Morgan to the relief prayed for in his bill. Whether the mineral reservation was inserted in the deed as a result of M. L. White's mistaken belief that the original contract had been forfeited and that Denkmann Lumber Company had a right to insert the reservation in the deed, or as a result of White's mistaken belief that Kelly Hammond had authority to bind G. W. Morgan by an acceptance of the reservation, the deed with the reservation in it did not conform to the provisions of the written contract of sale. The chancellor found that Morgan had not agreed to the reservation, and under these circumstances Morgan had a right to have the reservation cancelled.

Id., at 813–814.

This case is also similar to the case of Kilmer v. Smith, 77 N.Y. 226, 33 Am.Rep. 613 (N.Y. 1879). In that case the defendant Smith, as the agent of Dake, contracted to convey certain premises subject to certain mortgages. Smith assigned the contract to the plaintiff, Kilmer, and without the consent or knowledge of Dake or the plaintiff, Smith inserted in the deed a clause binding the plaintiff to assume the payment of the mortgages. The plaintiff, assuming that the deed conformed to the agreement, accepted it and put it on record. The plaintiff later learned that the clause had been inserted in the deed, and brought an action against both Dake and Smith to have the clause stricken from the deed. The Court held that the plaintiff was entitled to reformation of the deed because it was not prepared in accordance with the original agreement of the parties. Id., at 230–31.

The Kilmer court found:

In this case there is not only no finding of such agreement or assent, but on the contrary, there is a finding that there was no agreement or assent by the plaintiff or his assignor, and further that the deed was taken by the plaintiff in ignorance, and upon the supposition that it was drawn in accordance with the contract. There is evidence which sustains this finding. The case is not to be regarded as one of mutual misunderstanding or mistake, but rather as a case where one party

deliberately inserted in a deed a covenant tending to his own advantage and another's prejudice, and the latter in ignorance that the instrument contains the covenant accepts it as in fulfillment of a contract which requires no such stipulation. The denial of relief in such a case would be at variance with long established doctrines of courts of equity, and a reproach to the law itself. 1 Story Eq.Jur., par. 138c.

Id., at 231.

As in the Denkmann Lumber case and the Kilmer case, the Government has connected its accusation of unilateral mistake to wrongdoing on the part of the Defendants' agents. In particular, the Government has identified the specific conduct of the Defendants' agent in knowingly and fraudulently inserting a provision in the deed without the Commission's approval, and representing that the deed was accurately drafted in accordance with the Commission's oral decision on the matter, when it was not.

Therefore, the Third Amended Complaint meets the pleading requirements of Rule 9(b) to support a finding that the Government has alleged fraudulent inducement on the part of the Defendants' agent, in order to justify a grant of the relief of revision of a deed under 20 GCA § 3230 for unilateral mistake.

The decision to deny a motion made under Rule 12(b)(6) requires a finding that the complaint meets the pleading requirements of Rule 8 and sets forth a cognizable claim for relief under a real legal theory. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1318 (9th Cir.1985); Bowers v. Hardwick, 478 U.S. 186, 202 (1986); accord Hill v. Booz Allen Hamilton, Inc., Civil Case No. 07-00034, 2009 WL 1620403, *3 (D. Ct. Guam, June 9, 2009)(quoting Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)) (Dismissal is appropriate under Rule 12(b)(6) "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

As stated by the Supreme Court of Guam, "this court will not read causes of action into a complaint when they are not present." Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 11 (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 499 n. 1 (3d Cir. 1997)).

However, within the Third Amended Complaint filed by the Government, the Court finds sufficient facts plead to state a claim of either fraud or unilateral mistake accompanied by fraud, justifying the remedy of revision of the deed under 20 GCA § 3230.

### 2) Second Cause of Action; Declaratory Relief, Quiet Title, and Constructive Trust

#### a) Declaratory Relief

In its second cause of action, the Government has requested the remedy of declaratory relief. Pursuant to 7 GCA § 26801 (2012):

> Any person interested under a deed, will, or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over, or upon property, or with respect to the location of the natural channel of a water course, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the court having jurisdiction for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is included or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

7 GCA § 26801 (2012).

Again, the Government has failed to explicitly name a cause of action, and merely names its desired remedy, however, reading the pleadings comprehensively, in the light most favorable to the Government, as required under the test set forth earlier in the opinion, it appears that the Government has met the requirements of 7 GCA § 26801, by alleging that the

Commission/Government is a party interested in property distributed under an agreement, which it formerly held in its keeping, and requesting a declaration as to the respective property rights of the Government and the Defendants. Gov.'s Third Am. Compl., p. 2, ¶ 6, p. 7, ¶ 23, filed August 30, 2010.

Although the Defendants claim that a determination of the respective rights in the property is not "ripe" for adjudication, the Court finds no support for this argument. The motion before the Court is a motion to test the sufficiency of the allegations of the complaint under Rule 12(b)(6). There is no validity to the Defendants' claims that the request for declaratory relief is somehow premised or based upon an award of reformation of the deed, as requested in the first cause of action, despite the Government's request that the Court first grant reformation, and then determine the rights of the parties through declaratory relief. Gov.'s Third Am. Compl., p. 7, ¶ 23, filed August 30, 2010. The Government's statement of the manner in which it would prefer to have the Court address the remedies requested is not determinative of whether the Government has stated a cause of action for declaratory relief. The Court finds that the Government has alleged sufficient facts to support the request of a determination of contractual interpretation and rights under the agreement of the parties, and the disputed deed, thus, this Court may declare the rights of the parties involved with respect to one another upon the disputed real property. Consequently, the Court cannot dismiss the complaint in its entirety, and the second cause of action remains for determination.

b) Quiet Title

A quiet title action is properly brought pursuant to 21 GCA § 25101 (2012); which states: "[a]n action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse

claim . . . ." 21 GCA § 25101 (2012). As discussed above, the Government asserts a possessory interest in holding the disputed properties in its keeping against a deed in favor of the Defendants, which it claims is deficient because it did not contain certain conditions. Gov.'s Third Am. Compl., p. 2, ¶ 6, p. 7, ¶ 23, filed August 30, 2010. "Indeed, the appropriate mechanism for curing such minor technical deficiencies in a deed would be an action to quiet title." Camacho v. Estate of Gumataotao, 2010 Guam 1 ¶ 28.

Accordingly, the Government has alleged sufficient facts to support this claim under Rule 12(b)(6).

### c) Constructive Trust

Constructive trust is another equitable remedy recognized by Guam law. *See* 13 GCA § 3207(d)(2). Guam has codified the remedy of imposition of a constructive trust under the term "involuntary trust." 18 GCA §§ 65109–10 (2012). Guam's constructive/involuntary trust statute sets forth the conditions under which a court may impose a constructive trust, stating, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." 18 GCA § 65110 (2012).

This statute was adopted directly from California Civil Code Section 2224, which contains identical language, also stating that, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." California Civil Code § 2224 (2009). Under this statute and the California case law applying it, a constructive trust may only be imposed where

the following three conditions are satisfied: "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." Burlesci v. Petersen, 68 Cal.App.4th 1062, 1069 (Cal.App. 1 Dist.,1998) (quoting Communist Party v. 522 Valencia, Inc., 35 Cal.App.4th 980, 990, (Cal. 1995)(italics in original)). "[A] constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled." Weiss v. Marcus, 51 Cal.App.3d 590, 600 (Cal. 1975).

The Court finds that the Government's complaint sufficiently asserts the three allegations necessary to impose a constructive trust under 18 GCA § 65110. The Government asserts a possessory interest in holding the disputed properties in its keeping against a deed in favor of the Defendants, which it claims is deficient because it did not contain certain conditions. Gov.'s Third Am. Compl., p. 2, ¶ 6, p. 7, ¶ 23, filed August 30, 2010. In addition, the Government claims that the deed was deficient, and that the Defendants are not entitled to the real property because of a wrongful act, i.e., the Defendants knowing, intentional or negligent omission of a key condition of the decision of the Commission in drafting the deed which gave them the right to the real property in dispute. Gov.'s Third Am. Compl., p. 4, ¶¶ 11–16, and p. 6, ¶21, filed August 30, 2010. 18 GCA § 65110 merely requires allegations of wrongfulness. The Court finds that the complaint sufficiently alleges a wrongful act on the part of the Defendants, and meets the elements set forth under 18 GCA § 65110 (2012). Therefore, dismissal of this claim is also unwarranted under GRCP Rule 12(b)(6).

//

## CONCLUSION

After considering the motion, the Court finds that the Plaintiff has standing to maintain suit against the Defendants and has sufficiently alleged causes of action which would entitle it to the remedies listed in its Third Amended Complaint. Based upon the foregoing, the Motion to Dismiss is DENIED.

**IT IS SO ORDERED** this ___JUN 2 7 2012___ .



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam



I that the foregoing
a copy of the
the of the
Court of Guam.

JUN 2 7 2012

C. Guerrero
of Guam